UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JUAN CARLOS MEJIA MUNGUIA,

Petitioner,

v.

WARDEN, CALIFORNIA CITY DETENTION FACILITY,

Respondents.

No. 2:26-cv-01178-DAD-CSK

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, DENYING MOTION FOR TEMPORARY RESTRAINING ORDER, AND GRANTING RESPONDENTS' MOTION TO DISMISS

(Doc. Nos. 1, 2, 6)

On March 30, 2026, petitioner, proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, the court received petitioner's motion for temporary restraining order. (Doc. No 2.) Petitioner signed his petition on March 26, 2026, and states therein that he was detained at the California City Detention Center. (*Id.* at 1, 9.) On March 30, 2026, the court issued a minute order ordering respondents not to transfer or remove petitioner pending the court's order resolving petitioner's motion for temporary restraining order. (Doc. No. 5.) Petitioner did not allege in his petition or motion for temporary restraining order filed in this action that he was subject to any removal orders. (*See* Doc. Nos. 1; 2.)

1

On April 1, 2026, respondents filed a motion to dismiss for improper venue.  (Doc. No. 6.)  Therein, respondents state that petitioner was detained at the California City Detention Center from March 14, 2026, to March 28, 2026, but that he was no longer in California on March 30, 2026, the date the court received his petition.  (*Id.* at 1.)  Respondents did not inform the court that petitioner was subject to a removal order, nor did they request that the court modify its order not to remove petitioner.  (*Id.*)  On April 13, 2026, the court requested a status report regarding petitioner's location.  (Doc. No. 7.)  On April 14, 2026, respondents filed a status report informing the court that the Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operations ("ERO") had removed petitioner to his home country of Honduras on April 6, 2026.  (Doc. No. 8 at 1–2.)  Respondents take the position in their status report that petitioner's habeas petition should be dismissed because he only challenged his ongoing detention which ceased upon his removal from the United States.  (Doc. No. 8 at 2.)

Once a petitioner is removed, they are no longer in-custody and, therefore, not subject to the court's habeas jurisdiction.  *See Miranda v. Reno*, 238 F.3d 1156, 1158 (9th Cir. 2001) (stating the petitioner could not avail himself of the court's habeas jurisdiction following his removal).  Here, petitioner's habeas petition was limited to challenging his continued detention by immigration authorities.  (Doc. No. 1 at 7–9.)  Petitioner is no longer in-custody and therefore no longer subject to this court's habeas jurisdiction.[1]  Therefore, the court will dismiss the habeas petition for lack of jurisdiction.

/////

/////

---

[1] The court does not find that it lacked jurisdiction over petitioner's habeas petition from the outset.  The prison mailbox rule states that a motion is deemed "filed" by an inmate on the date it is delivered to prison authorities for forwarding to the court clerk.  *Houston v. Lack*, 487 U.S. 266, 276 (1988).  The prison mailbox rule "applies to *pro se* federal habeas petitions."  *Melville v. Shinn*, 68 F.4th 1154, 1159 (9th Cir. 2023); *see also Rodriguez-Garcia v. Warden, FCI-Herlong*, No. 2:23-cv-0849-SCR-P, 2025 WL 755698 (E.D. Cal. Mar. 10, 2025), *report and recommendation adopted,* No. 2:23-cv-00849-TLN-SCR, 2025 WL 1151006 (E.D. Cal. Apr. 18, 2025) (applying the prison mailbox rule to an immigration related habeas petition).  Here, the court need not determine the applicability of the prison mailbox rule to petitioner's habeas petition because the court dismisses the petition due to petitioner's removal.

2

For the reasons stated above:

1.    Petitioner's petition for writ of habeas corpus (Doc. No. 1) is DENIED;

2.    Petitioner's motion for temporary restraining order (Doc. No. 2) is DENIED;

3.    Respondents' motion to dismiss (Doc. No. 6) is GRANTED; and

4.    The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **April 20, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3